**UNITED STATES DISTRICT COURT**

**DISTRICT OF MINNESOTA**

---

TOMAS RODRIGUEZ, JR.,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Criminal No. 00-276(1) (JRT/FLN)
Civil No. 04-1371 (JRT)

**MEMORANDUM OPINION AND ORDER DENYING § 2255 MOTION**

---

Tomas Rodriguez, Jr., #09587-041, Federal Correctional Institution, P.O. Box 1731, Waseca, MN 56093, petitioner *pro se*.

Nathan P. Petterson, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, 600 United States Courthouse, 300 South Fourth Street, Minneapolis, MN 55415, for respondent.

Petitioner Tomas Rodriguez pleaded guilty to conspiracy to distribute and possess with intent to distribute more than 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A) and was sentenced to 168 months imprisonment. Rodriguez's sentence was affirmed by the Eighth Circuit Court of Appeals. Rodriguez timely filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255, alleging ineffective assistance of counsel. Subsequently, Rodriguez filed a supplemental motion seeking relief under *Blakely v. Washington*, -- U.S. --, 124 S. Ct. 2531 (2004). For the reasons discussed below, petitioner's motions are denied.

## BACKGROUND

In August 2000, officers from the Hennepin County Sheriff's Office seized methamphetamine from Michelle Canavan. Canavan identified the petitioner as her drug source. Canavan agreed to cooperate as an informant, and arranged to meet with petitioner to make a drug payment. Petitioner declined to meet with Canavan, but sent two men in his place. Both men were placed under arrest during the transaction, and later testified in criminal proceedings against petitioner. After the arrest, officers executed a search warrant at petitioner's home, seized a box of .45 caliber bullets and a shotgun, and arrested petitioner. The officers also executed a search warrant for a storage locker used by petitioner, seizing methamphetamine, numerous firearms, and hundreds of rounds of ammunition.

Petitioner was charged with one count of conspiracy to distribute and possess with intent to distribute over 500 grams of methamphetamine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and was released on a $25,000 unsecured bond. He absconded, remaining a fugitive until he was arrested in December 2000, in Chaska, Minnesota. Petitioner pleaded guilty to the conspiracy charge, entering a "straight" plea with no plea agreement. A pre-sentencing report (PSR) was prepared by the United States Probation Office, which calculated a base offense level of 34. A total of eight levels were added to the base level: two levels for possession of a firearm during the crime, four levels for petitioner's leadership role in the offense, and two levels for his use of a juvenile in furtherance of the crime. Two levels were deducted for petitioner's acceptance of

responsibility. The total offense level, as calculated in the PSR, was 40, with a criminal history category of II.

Petitioner, through his counsel, objected to the base offense level and to all of the guideline enhancements. The parties agreed that the appropriate base offense level was 32, rather than 34. Following an evidentiary hearing, the Court sustained petitioner's objection to the PSR's criminal history calculation, and applied a category I criminal history. The Court also granted petitioner a three-level reduction for acceptance of responsibility, but added three two-level increases for possession of a firearm in connection with a drug offense, use of a juvenile in the commission of a crime, and petitioner's leadership role in the offense. Based on this new calculation, the total offense level was 35, with a resulting guideline sentencing range of 168 to 210 months. The Court imposed a 168-month sentence.

Petitioner's counsel appealed the sentence, contesting the Court's application of the three sentencing enhancements. The Eighth Circuit affirmed the Court's sentence on February 18, 2003. *United States v. Rodriguez*, 61 Fed. Appx. 308, 2003 WL 352524 (8th Cir. Feb. 18, 2003). On March 23, 2004, Rodriguez filed a motion for relief under 28 U.S.C. § 2255 and, on July 8, 2004, filed a supplemental motion.

## ANALYSIS

### I. Ineffective Assistance of Counsel

Petitioner filed a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255, contending that he was denied "effective assistance of counsel at critical

stages of proceeding." (Docket No. 163 at 5A.) A claim of ineffective assistance of counsel must establish that (1) counsel's performance was deficient, and (2) petitioner's defense was prejudiced by that deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This standard presents a "heavy burden" on the petitioner, requiring proof that "'counsel failed to exercise the customary skills and diligence that a reasonably competent attorney would [have] exhibited under similar circumstances.'" *United States v. Anderson*, 2004 WL 595171, at *3 (D. Minn. Mar. 23, 2004) (*quoting United States v. Apfel*, 97 F.3d 1074, 1076 (8th Cir. 1996) (citations omitted)). To satisfy the first prong, Rodriguez must show that "counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. The Court's scrutiny of counsel's performance is "highly deferential," and it must "indulge a strong presumption" that counsel provided reasonably competent assistance. *Id.* at 689. In order to satisfy the second prong, petitioner must establish a reasonable probability that "but for counsel's errors, the outcome of the proceeding would have been different." *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000) (citations omitted).

Petitioner presents no facts or arguments in support of his claim of ineffective assistance of counsel, but merely asserts that "facts are on record at Federal District Court; due diligence is currently in process for support of facts." (Docket No. 163 at 5A.) Thus, petitioner makes no attempt to establish the two requisite prongs for ineffective assistance of counsel under the *Strickland* standard. This Court's independent review of the record finds no evidence in support of petitioner's claim that counsel's performance was deficient, or that such deficient performance prejudiced petitioner's

criminal defense. Rather, the record demonstrates professionally sound advocacy on behalf of the defendant throughout all stages of the criminal proceedings.

During pre-trial proceedings, defense counsel advocated aggressively for petitioner, including the submission of motions to compel the government to disclose evidence favorable to the defendant, to suppress evidence obtained as a result of search and seizure, to suppress statements, admissions, and answers made by defendant, and for disclosure of "bad act" evidence pursuant to Rule 404 of the Federal Rules of Evidence.

Defense counsel withdrew the motion to suppress when it appeared that the parties would resolve the case without further litigation, apparently without petitioner's consent. Petitioner subsequently filed a *pro se* motion to resubmit the suppression motion, after which defense counsel promptly resubmitted its motion to suppress on petitioner's behalf. Counsel later challenged the Magistrate Judge's adverse recommendation regarding the motion. This Court's review of the pre-trial proceedings finds no evidence whatsoever to support petitioner's claim of deficient performance by counsel.

The Court's review of the evidentiary, sentencing, and appellate stages of the criminal proceedings similarly finds no support for petitioner's claim of deficient performance on the part of defense counsel. Rather, review of the transcript shows competent professional advocacy on petitioner's behalf throughout the evidentiary and sentencing hearings. Defense counsel moved for and obtained an extension to file objections to the PSR. Counsel also challenged each of the three two-level increases in the PSR, as well as the credibility of witnesses who testified before the Court. The defense successfully advocated for a three-level reduction in the sentencing calculation

for petitioner's acceptance of responsibility. Counsel argued successfully for an adjustment from a category II to a category I criminal history category, resulting in a reduced sentence, and obtained the minimum sentence available under the Sentencing Guidelines. Finally, the petitioner's counsel filed a timely appeal from the District Court's sentence.

Based on the above, this Court finds no evidence in the record suggesting that defense counsel's performance during the evidentiary, sentencing, and appellate stages of the criminal proceedings fell short of the objectively reasonable standard under *Strickland*. Petitioner's § 2255 motion must therefore be denied on this basis. *Strickland*, 466 U.S. at 697 (stating that the court may deny a claim of ineffective assistance of counsel based on an insufficient showing with regard to either component of the two-prong test).

## II. *Blakely v. Washington*

On July 8, 2004, petitioner filed a supplemental motion[1] requesting the Court "to correct the unconstitutional sentence imposed by the court; and to apply the interpretation of the United States Supreme Court case, *Blakely vs. Washington*." (Docket No. 166.)

---

[1] The Court may, in its discretion, grant permission to amend or supplement a post-conviction pleading. *See Surratt v. United States*, 165 F. Supp. 2d 946, 948 (D. Minn. 2001) (*citing Clemmons v. Delo*, 177 F.3d 680, 686 (8th Cir. 1999)). Although petitioner did not make a formal motion to amend his § 2255 petition, in the interest of justice and efficiency, the Court will consider petitioner's supplemental motion. Fed. R. Civ. P. 15(a) and (d); Fed. R. Crim. P. 2 (requiring that rules be interpreted to ensure fairness and eliminate unjustifiable expense and delay).

The Supreme Court recently determined that *Blakely* applies to the federal Sentencing Guidelines. *See United States v. Booker*, 2005 WL 50108, -- S. Ct. -- (Jan. 12, 2005).

Petitioner did not supply the Court with any explanatory argument in support of his supplemental § 2255 motion. The Court finds that, regardless of the basis of petitioner's claim, the supplemental motion fails because, as is explained below, the rule announced in *Blakely* and *Booker* does not apply retroactively to matters on collateral review.

New constitutional rules announced by the Supreme Court apply to all criminal cases still pending on direct review. *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987). New rules apply retroactively to already final convictions, however, only in more limited circumstances. New substantive rules generally apply retroactively. *See, e.g., Bousley v. United States*, 523 U.S. 614, 620-21 (1998); *Saffle v. Parks*, 494 U.S. 484, 494-95 (1990); *Teague v. Lane*, 489 U.S. 288, 311 (1989) (plurality opinion). Substantive rules apply retroactively because they "necessarily carry a significant risk that a defendant stands convicted of 'an act that the law does not make criminal'" or faces a punishment that the law cannot impose upon him. *Bousley*, 523 U.S. at 620 (*quoting Davis v. United States*, 417 U.S. 333, 346 (1974)).

New procedural rules, however, generally are not applicable retroactively to cases on collateral review. *See Schriro v. Summerlin*, --- U.S. ----, 124 S. Ct. 2519, 2522-23 (2004). Only "'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding" are accorded retroactive effect. *Saffle*, 494 U.S. at 495 (*quoting Teague*, 489 U.S. at 311). "That a new procedural rule is

'fundamental' in some abstract sense is not enough; the rule must be one 'without which the likelihood of an accurate conviction is seriously diminished.'" *Summerlin*, 124 S. Ct. at 2523 (*quoting Teague*, 489 U.S. at 313).

In *Apprendi v. New Jersey*, the Supreme Court interpreted the constitutional due-process and jury-trial guarantees to require that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. 466, 490 (2000). In *Ring v. Arizona*, the Supreme Court extended this principle to a death sentence imposed under Arizona sentencing law. 536 U.S. 584 (2002). The Court concluded that, because Arizona law authorized the death penalty only if an aggravating factor was present, *Apprendi* required the existence of such a factor to be proved to a jury rather than to a judge. *Id.* at 603-09. In *Summerlin*, the Court concluded that the rule announced in *Ring* did not apply retroactively because it was neither substantive nor a watershed procedural rule. *See Summerlin*, 124 S. Ct. at 2523, 2535-36.

Like *Ring*, *Blakely* and *Booker* extended the holding of *Apprendi*. *Blakely*, 124 S. Ct. at 2536; *Booker*, 2005 WL 50108 at *15. The Court reiterated that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt," and then held that the relevant statutory maximum is that which a judge may legally impose "solely on the basis of facts reflected in the jury verdict or admitted by the defendant." *Blakely*, 124 S. Ct. at 2537; *Booker*, 2005 WL 50108 at *15.

The Court finds that for the same reasons that *Ring* did not announce either a substantive or a watershed procedural rule, neither did *Blakely* and *Booker* announce a substantive or watershed procedural rule. Therefore, *Blakely* and *Booker* do not apply retroactively to cases on collateral review and petitioner's motion for relief pursuant to § 2255 cannot be granted on that basis.[2]

## III. Appealability

For purposes of appeal under 28 U.S.C. § 2253, the Court finds that, with one exception, it is unlikely that some other court would decide the issues raised in this petition differently and that petitioner has not made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The question of whether *Blakely* and *Booker* apply retroactively to cases on collateral review, however, has not yet been addressed in this circuit. For this reason, the Court grants a certificate of appealability only with respect to this question.

---

[2] Other courts in this district and around the country have come to the same conclusion. *See, e.g., Humphress v. United* States, – F.3d –, 2005 WL 433191 (6th Cir. Feb. 25, 2005); *Varela v. United States,* – F.3d –, 2005 WL 367095 (11th Cir. Feb. 17, 2005); *McReynolds v. United States,* – F.3d –, 2005 WL 237642 (7th Cir. Feb. 2, 2005); *United States v. Beatty*, 103 Fed. Appx. 785, 2004 WL 1759028 (4th Cir. 2004); *United States v. Falodun*, 2004 WL 2397612 (D. Minn. Oct. 25, 2004); *Lilly v. United States*, 342 F. Supp. 2d 532, 538 (W.D. Va. 2004); *Orchard v. United States*, 332 F. Supp. 2d 275 (D. Me. 2004); *Morris v. United States*, 333 F. Supp. 2d 759 (C.D. Ill. 2004); *Jaubert v. Dretke*, 2004 WL 1923893, at *1 n.3 (N.D. Tex. Aug. 27, 2004); *Concepcion v. United States*, 328 F. Supp. 2d 372, 374 (E.D. N.Y. 2004); *Rosario-Dominguez v. United States*, 2004 WL 1814021, at *9 n.3 (S.D. N.Y. Aug. 16, 2004); *United States v. Lowe*, 2004 WL 1803354, at *3 (N.D. Ill. Aug. 5, 2004); *Garcia v. United States*, 2004 WL 1752588, at * 6 (N.D. N.Y. Aug. 4, 2004); *United States v. Stoltz*, 325 F. Supp. 2d 982, 987 (D. Minn. 2004).

## ORDER

Based on the foregoing, and all of the records, files and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Petitioner's motions to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Docket Nos. 163 and 166] are **DENIED**.

2. The Court **GRANTS** a certificate of appealability with respect to the question of whether *Blakely* applies retroactively to cases on collateral review. The Court **DENIES** a certificate of appealability as to all other issues.

The Clerk of Court is respectfully directed to mail a copy of this Order to the petitioner.

DATED: March 8, 2005
at Minneapolis, Minnesota.

s/ John R. Tunheim
JOHN R. TUNHEIM
United States District Judge